No. 3409

Second Circuit

---

WYATT v. THE TEXAS PIPE LINE CO.

---

(November 8, 1928. Opinion and Decree.)

---

Harry V. Booth; Hoye Grafton, of Shreveport, attorneys for plaintiff, appellant.

Pugh, Grimmet and Boatner, of Shreveport, Spearing and Mabry, of New Orleans, attorneys for defendant, appellee.

## STATEMENT OF THE CASE

REYNOLDS, J. This is a suit under the Employers' Liability Act, Act No. 20 of 1914 (as amended). Appellant alleged that appellee was engaged in a hazardous business and that he was employed by it and while so employed suffered an accident which permanently totally disabled him to do work of any reasonable character, and he prayed for judgment against it for an amount equal to 65% of the wages he was earning for a period of 400 weeks and for the further sum of $250.00 for medical attention.

Defendant denied that plaintiff suffered any injury in an accident while he was in its employ and alleged that when he entered its employ he was suffering from disease and that any disability to labor under which he was suffering was the result of and caused by such disease and not to any degree by the accident to him.

On these issues the case was tried and there was judgment rejecting the plaintiff's demands and dismissing his suit and he has appealed.

## OPINION

In his brief filed in this court appellant says:

"The merits of this case present only questions of fact, which were resolved against the appellant in the lower court. Although we feel that the evidence in the

case warranted a finding of fact by the trial judge in favor of the appellant, we shall abandon that feature of this appeal, in view of the numerous decisions of this court to the effect that a finding of fact will not be disturbed unless manifestly erroneous.

"The purpose in taking the present appeal was the refusal of the trial judge to sustain an objection of plaintiff's counsel, thereby allowing the defendant to place a witness on the stand after plaintiff had submitted his rebuttal testimony and closed his case."

This admission leaves for our determination only the question as to whether the trial court erred in the ruling referred to or not. We do not think he erred.

After both plaintiff and defendant had introduced their evidence in chief and plaintiff had introduced its evidence in rebuttal, but before defendant had submitted its case or argument had begun, the following proceedings took place:

"By Mr. Booth: This is the plaintiff's case.

"By Mr. Mabry: I would like, on behalf of the defendant, to recall Mr. Reeves."

"By Mr. Booth: We object to this, on the ground that it is improper to offer testimony after the plaintiff has closed in rebuttal; second, counsel waived his right to offer the witness, because he failed to object to the question asked the rebuttal witness, Mr. Chapman."

"By the Court: The objection is overruled, and the case is reopened, all the witnesses being present, to put on any testimony either counsel may desire."

"To which ruling of the court, counsel for plaintiff excepts and asks that this note stand in lieu of a formal bill of exception.

"Mr. Reeves, recalled, testified as follows:

"On direct examination he said:

"Q. Mr. Reeves, Mr. Chapman states that you personally ordered him to assist in moving this tank; did you, or not?

"A. No, sir; I didn't."

"Mr. Lacy, being recalled, testified as follows:

"On direct examination he said:

"Q. You saw Mr. Chapman take the stand a moment ago?

"A. Yes, sir.

"Q. Was he one of the four who assisted in moving that tank?

"A. I don't recall whether he was or not."

Whereupon the case was closed and submitted for adjudication.

Appellant cites no decisions but only Article 477 of the Code of Practice in support of his contention that it was error to admit the additional testimony. The article in question is not mandatory but only directory and it has been time and again held that the question of reopening the testimony and admitting new evidence is largely left to the discretion of the trial judge.

Louisiana Digest, vol. VII, verbo "Trial," section 34.

After the admission of the additional testimony the appellant did not set up surprise or ask that he be permitted to introduce further testimony or that the case be left open and continued to enable him to do so, nor does he, in his brief in this court, contend that he was prejudiced by the additional testimony and we are unable to conceive how he could have been, since the issue on which the case turned in the court below was not whether plaintiff suffered an accident or not but whether his disability, if any, was the result of the accident or of disease from which he had been suffering, and this issue was resolved against him, and correctly resolved, as he admits in his brief as above quoted, and the fact of the accident was immaterial.

We find no error in the judgment appealed from and accordingly it is affirmed.